# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN CARY**, <br><br> Plaintiff, <br><br> v. <br><br> **JON PAVITT, et al.**, <br><br> Defendants. | 2:19-cv-13397 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER SUMMARILY DISMISSING CASE** |

Plaintiff Bryan Cary, presently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a pro se civil rights complaint. He sues two Michigan Department of Corrections employees on the basis that they allegedly refused to treat his temporomandibular-joint disorder ("TMJ"). Because Cary has filed an application to proceed in forma pauperis despite having previously filed three or more cases in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, his application must be denied and the case dismissed without prejudice for failure to pay the filing fee. 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999) (stating that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(g), precludes the filing of in forma pauperis civil actions by a prisoner who has had three similar petitions

1

dismissed as frivolous, malicious, or for failing to state a ground for relief).

Generally, the party instituting a civil action or proceeding in a federal district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). The federal statute governing applications to proceed in forma pauperis, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make a "down payment" in the form of a partial filing fee and pay the rest in installments. *Young v. United States*, No. 14–cv–11930, 2014 WL 2533834, *1 (E.D. Mich. June 5, 2014) (Ludington, J.). But the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), contains a "three strikes" provision that bars prisoners from proceeding in forma pauperis in a civil action "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997) (providing that a district may sua sponte raise the "three strikes" provision of the PLRA).

The statutory exception to the three-strikes rule for prisoners asserting "imminent danger of serious physical injury" requires a prisoner "to allege that he is under imminent danger at the time that he seeks to file his complaint." *Robinson v. Yee*, No. 2:10–CV–10069, 2010

2

WL 186155, *1 (E.D. Mich. Jan. 15, 2010). *See Pointer v. Wilkinson*, 502 F.3d 368, 371 n.1 (6th Cir. 2007) (explaining that the Second, Third, Fifth, Eighth, and Eleventh Circuits have all held that the imminent-danger exception requires that the danger exist at the time the complaint is filed). Although the Sixth Circuit has acknowledged that a plaintiff who alleges a danger of serious harm due to prison officials' "failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)," *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir 2013), the appellate court has also upheld denial of a prisoner's motion to proceed in forma pauperis and dismissal of the complaint where the alleged injury comprised "various dental problems" that, like here, did not appear to pose any imminent danger to the prisoner's health. *See Pointer*, 502 F.3d at 371 n.1. *See also Northington v. Abdellatif*, No. 16-cv-12931, 2017 WL 2240273, at *4 & n.6 (E.D. Mich. Apr. 7, 2017) (Report and Recommendation) (Majzoub, M.J.) (severing and dismissing without prejudice a prisoner's claims related to dental care on the basis that those claims did not fit within the imminent-danger exception).

The Court finds that Cary's allegations about prison-healthcare providers' refusal to treat his TMJ do not rise to the level of "imminent danger of serious physical injury." *See Menefee v. Pramstaller*, No. 2:06-CV-012922, 2006 WL 2160411, at *1 (E.D. Mich. Jul. 31, 2006) (holding

3

that plaintiff failed to sufficiently allege imminent danger of future harm where he "complain[ed] that his medical needs are not being met regarding his dental care, allergies, podiatry issues, skin discoloration, lack of access to his eye glasses, etc."). *Cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1988) (finding that plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed he was placed near inmates on his enemy list and subject to ongoing danger).

Further, Cary has previously filed at least three civil actions in federal court that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul*, No. 18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Cary has also previously filed cases that were dismissed pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g). *See, e.g., Cary v. Sgt. Peterson*, No. 19-cv-13393 (E.D. Mich. Nov. 27, 2019); *Cary v. Parole Bd., et al.*, No. 19-cv-12634 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

Although Cary asserts that his TMJ condition causes him pain, he does not allege facts that suggest he is in imminent or specific danger of future serious injury. Accordingly, he does not fall within the imminent-danger exception to 28 U.S.C.§ 1915(g). And because Cary has on more than three prior occasions filed complaints that were dismissed on the

4

basis of frivolity, maliciousness, or for failure to state a claim, he is barred by § 1915(g) from proceeding in forma pauperis in the instant case.

Accordingly, it is hereby **ORDERED** that Plaintiff Bryan Cary's in forma pauperis application is **DENIED** and the Complaint is therefore **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g). Should Cary wish to pursue this lawsuit, he must re-file his Complaint along with the full filing fee. It is further **ORDERED** that any appeal taken by Cary would not be done in good faith and a certificate of appealability is thus **DENIED**.

**SO ORDERED.**

Dated: December 20, 2019     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE