UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN CARY**, Petitioner, v. **JON PAVITT, et al.**, Respondent. | 2:19-cv-13397 HON. TERRENCE G. BERG **ORDER DENYING MOTION FOR RECONSIDERATION** |

The Court summarily dismissed this prisoner civil rights case under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker, and his Complaint did not allege that he is in "imminent danger of serious physical injury."

Plaintiff's Complaint asserts that the Michigan Department of Corrections ("MDOC") refuses to treat his TMJ condition, and that as a result he is suffering from pain in his neck, face, and temple on one side of his face. ECF No. 1, at PageID.3. The Court previously determined that this alleged condition and the refusal to treat it amounted to a chronic dental problem that did not place Plaintiff in imminent danger of a serious physical injury. *See Pointer v. Wilkinson*, 502 F.3d 368, 371 n.1 (6th Cir. 2007).

Plaintiff's motion for reconsideration asserts that he was allowed to proceed in forma pauperis in another case despite his three-striker

1

status. In that other case, Plaintiff alleged that the MDOC refused to treat his broken wrist. He asserts that the pain he is now experiencing with respect to his TMJ condition is just as bad as the pain he felt experienced in his wrist.

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Plaintiff's motion for reconsideration does not provide any new allegations regarding the nature of his alleged untreated dental condition that was not included in the Complaint. The fact that he made a prima facie showing of imminent danger of serious physical injury in another case with respect to an untreated broken wrist does not speak to the seriousness of the alleged dental problem in this one. *Pointer* suggests that such a chronic dental problem does not rise to that level. 502 F.3d at 371 n.1. In any event, Plaintiff's complaints about the failure to treat his dental condition began in October 2019. Eight months later, he still does not allege that any sort of serious physical injury has resulted from the failure to treat him. Rather, his pleadings suggest a chronic dental

condition that does not threaten imminent injury. *See, e.g., Johnson v. Kunkle*, 2013 U.S. Dist. LEXIS 76184, *3 (W.D. Wash. April 17, 2013). Plaintiff's motion for reconsideration is therefore denied.

**SO ORDERED**.

Dated: June 1, 2020        s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE